<u>**Exhibit 1**</u>

**Endgame's Objection to NecoSage's Motion to Transfer Venue**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-DMW |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

### OBJECTION TO DEBTOR'S MOTION TO TRANSFER VENUE

Endgame Holdings, LLC ("Endgame") hereby objects (the "Objection") to the *Motion to Transfer Venue* filed by the debtor, NecoSage, LLC ("NecoSage" or "Debtor") [ECF No. 24].

In support of this Objection, Endgame represents to the Court as follows:

1.      This case was commenced as an involuntary chapter 7 proceeding on February 24, 2026. On March 1, 2026, several days after the commencement of this case, an affiliate of the Debtor, Urban Red LLC ("Urban Red"), filed a voluntary chapter 11 petition in the District of Delaware, Case No. 26-10283-KBO. On March 3, 2026, the Court entered an order converting this case to a voluntary chapter 11 proceeding [ECF No. 30].

2.      Venue is proper in this district under 28 U.S.C. § 1408. The Debtor's president resides in this District, and as such, the Debtor has operational and managerial ties to this District.

3.      With respect to cases filed by debtor affiliates in different districts, Fed. R. Bankr. P. 1014(b) provides that "[t]he court in the district where the first petition is filed may determine the district or districts in which the cases should proceed in the interests of justice or for the

1

convenience of the parties." Thus, Rule 1014(b) centralizes the venue decision in the court where the first petition was filed.

4.      The Debtor's argument that transfer is necessary for joint administration with Urban Red in Delaware is unavailing. Urban Red's case was filed after this case, and the "first-filed" rule under Fed. R. Bankr. P. 1014(b) gives this Court authority to determine the appropriate venue for both cases. The presence of a later-filed affiliate case in Delaware does not outweigh Rule 1014(b)'s allocation of venue authority to this Court.

5.      The relevant factors – including the proximity of creditors, the location of assets, the economic and efficient administration of the estate, and judicial economy[1] – do not support transfer. The creditor body is dispersed, and the Debtor's management is centered in this District. Further, this Court is already familiar with the facts and parties, having presided over the initial motions and conversion proceedings. Transferring the case now would result in delay, increased administrative costs, and duplication of effort, all to the detriment of creditors and the estate.

WHEREFORE, Endgame respectfully requests that the court deny the Debtor's Motion to Transfer Venue and grant such other and further relief as the Court deems just and proper.

---

[1] *See In re Williams*, No. 10-011638-SWH, 2010 WL 1946951, at *1 (Bankr. E.D.N.C. May 13, 2010) ("In determining whether to transfer venue 'in the interest of justice' or 'for the convenience of the parties,' courts look to the facts and circumstances of each case, considering in particular the proximity of the debtors, creditors, assets, and evidence to the court, as well as the economic administration of the estate.") (internal citations omitted); *see also In re Grand Dakota Partners, LLC*, 573 B.R. 197, 205 (Bankr. W.D.N.C. 2017) ("Factors considered include whether transferring venue would promote the 'efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness.'") (internal citations omitted).

This the 5th day of March, 2026.

**K&L GATES, LLP**

<u>/s/ A. Lee Hogewood, III</u>
A. Lee Hogewood, III
North Carolina State Bar No. 17451
Gunjan D. Devnani
North Carolina State Bar No. 62331
K&L Gates LLP
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone: 919-743-7306
E-mail:  Lee.Hogewood@klgates.com
Gunjan.Devnani@klgates.com

*Counsel for Endgame Holdings, LLC*

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically in accordance with the local rules and was served on NecoSage, LLC, the debtor in this case, by First Class Mail at the following address:

4445 Corporation Lane, Suite 264
Virginia Beach, VA 23462

Dated: March 5, 2026.

/s/ A. Lee Hogewood, III
A.    Lee    Hogewood,    III