**<u>Exhibit 2</u>**

**Endgame's Motion to Transfer Venue to the Eastern District of North Carolina**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-DMW |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## MOTION OF ENDGAME HOLDINGS, LLC TO TRANSFER VENUE OF AFFILIATED CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Endgame Holdings, LLC ("Endgame"), by and through undersigned counsel, respectfully moves this court ("the "Motion") for entry of an order transferring venue of the bankruptcy case of Urban Red LLC ("Urban Red") to the United States Bankruptcy Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014.

In further support of this Motion, Endgame represents to the Court as follows:

### I.   INTRODUCTION

1.      On March 1, 2026, Urban Red filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2.      Urban Red is, and admits that it is, an affiliate of NecoSage, LLC ("NecoSage"), whose Chapter 11 proceeding is pending before this Court.

3.      Transfer is warranted under both prongs of 28 U.S.C. § 1412 – the interest of justice and the convenience of the parties – and is consistent with the affiliate-case framework of Fed. R. Bankr. P. 1014(b).

### II.  JURISDICTION AND VENUE

4.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

5.      Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are 28 U.S.C. § 1412 and

Fed. R. Bankr. P. 1014.

### III. BACKGROUND

7.      This case was commenced as an involuntary chapter 7 proceeding on February

24, 2026. On March 1, 2026, several days after the commencement of this case, an affiliate of the

Debtor, Urban Red filed a voluntary chapter 11 petition in the District of Delaware, Case No. 26-

10283-KBO (the "Urban Red Case"). On March 3, 2026, the Court entered an order converting

this case to a voluntary Chapter 11 proceeding [ECF No. 30].

8.      Urban Red is an "affiliate" of NecoSage within the meaning of 11 U.S.C. §

101(2). Specifically, as demonstrated by the chart attached hereto as **Exhibit A**, NecoSage holds

a 74.17% ownership interest Emergent 1 Partners LLC ("Emergent"), and Emergent holds a

100% ownership interest in Urban Red.

9.      None of the creditors of either Urban Red or NecoSage are located in Delaware,

while many are in primarily Texas, Virginia, and North Carolina. More importantly, Farooq

Cheema, who remains the only board of managers member of NecoSage located in the United

States[1], resides within the Eastern District of North Carolina.

### IV. RELIEF REQUESTED

10.     Endgame respectfully requests that the Court enter an order (the "Order"),

substantially in the form attached hereto as **Exhibit B**, transferring venue of this affiliated case to

the United States Bankruptcy Court for the Eastern District of North Carolina, given the pendency of NecoSage's case in North Carolina.

## V. BASIS FOR RELIEF

11.     Pursuant to 28 U.S.C. § 1412, a bankruptcy case "may be transferred to another district, in the interest of justice or for the convenience of the parties." Courts interpret the statutory standard disjunctively, such that satisfying either prong would suffice. *See Gibbs v. Stinson*, 421 F. Supp. 3d 267, 283 (E.D. Va. 2019), *aff'd sub nom. Gibbs v. Sequoia Cap. Operations, LLC*, 966 F.3d 286 (4th Cir. 2020).

12.     Fed. R. Bankr. P. 1014(b) specifically addresses affiliated cases filed in different districts and authorizes the court of the first-filed petition to determine, in the interest of justice or for the convenience of the parties, the appropriate district in which the cases should proceed, after notice and a hearing, and to stay related proceedings in the meantime. Thus, Rule 1014(b) centralizes the venue decision in the court where the first petition was filed.

13.     Courts evaluate transfer under multi-factor tests substantially derived from the "interest of justice" and "convenience" considerations, including factors such as the proximity of creditors, the location of assets, the economic and efficient administration of the estate, and judicial economy. *See In re Williams*, No. 10-011638-SWH, 2010 WL 1946951, at *1 (Bankr. E.D.N.C. May 13, 2010) ("In determining whether to transfer venue 'in the interest of justice' or 'for the convenience of the parties,' courts look to the facts and circumstances of each case, considering in particular the proximity of the debtors, creditors, assets, and evidence to the court, as well as the economic administration of the estate.") (internal citations omitted); *see also In re Grand Dakota Partners, LLC*, 573 B.R. 197, 205 (Bankr. W.D.N.C. 2017) ("Factors considered

---

[1] Based upon the testimony of the Debtor's CRO at the hearing on March 2, 2026.

3

include whether transferring venue would promote the 'efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness.'") (internal citations omitted).

14. NecoSage's case was filed several days before Urban Red filed its case, and the "first-filed" rule under Fed. R. Bankr. P. 1014(b) gives this Court authority to determine the appropriate venue for both cases.

15. The Eastern District of North Carolina has a stronger factual nexus to both Urban Red and NecoSage than the District of Delaware. Creditors of both entities and the principal and lead decision-maker of both entities resides in North Carolina, making North Carolina the entities' operational center of gravity.

16. Public interest considerations also favor transfer: local courts have a legitimate interest in adjudicating cases that directly affect local creditors.

17. In addition, several of Urban Red and NecoSage's creditors are located in North Carolina; as such, centralized proceedings in the Eastern District of North Carolina will reduce travel and participation costs for these stakeholders.

18. Overall, transfer to this District will reduce travel costs, avoid duplicative local counsel expenses, and leverage the Eastern District of North Carolina court's familiarity with NecoSage's business and capital structure.

WHEREFORE, Endgame respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) granting this Motion and transferring venue of the Urban Red Case to the United States Bankruptcy Court for the Eastern District of North Carolina; and (ii) granting such other and further relief as the Court deems just and proper.

4

This is the 5th day of March, 2026.

**K&L GATES, LLP**

/s/ A. Lee Hogewood, III
A. Lee Hogewood, III
North Carolina State Bar No. 17451
Gunjan D. Devnani
North Carolina State Bar No. 62331
K&L Gates LLP
301 Hillsborough Street, Suite 1200
Raleigh, North Carolina 27603
Telephone: 919-743-7306
E-mail: Lee.Hogewood@klgates.com
Gunjan.Devnani@klgates.com

*Counsel for Endgame Holdings, LLC*

**Exhibit A**

**Organization Chart**



## **Exhibit B**

## **Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NecoSage, LLC, | ) | Case No. 26-00822-DMW |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## ORDER GRANTING MOTION TO TRANSFER VENUE OF AFFILIATED CASE TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Upon Consideration of the motion (the "Motion") of Endgame Holdings, LLC ("Endgame") to transfer venue of the Chapter 11 case of Urban Red LLC, Case No. 26-10283-KBO, from the United States Bankruptcy Court for the District of Delaware to the United States Bankruptcy Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014, after due notice and a hearing; and the Court having found that (i) the relief requested in the Motion is in the interest of justice and/or for the convenience of the parties pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014, (ii) the Eastern District of North Carolina is the appropriate venue for administration of this affiliated case, and (iii) good and sufficient cause exists for the relief granted herein;

It is hereby ORDERED that:

1)      The Motion is GRANTED as set forth herein;

2)      The venue of the Chapter 11 case of Urban Red LLC, Case No. 26-10283-KBO, is transferred to the United States Bankruptcy Court for the Eastern District of North Carolina;

3)      The Clerk of the Court for the United States Bankruptcy Court for the District of Delaware shall promptly transfer the case file and all dockets, pleadings, and claims registers to the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina;

4)      All deadlines in the Chapter 11 case of Urban Red LLC, Case No. 26-10283-KBO, case are tolled until further order of the transferee court;

5)      The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, enforcement, and implementation of this Order.

END OF DOCUMENT

1607746228.2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically in accordance with the local rules and was served on NecoSage, LLC, the debtor in this case, by First Class Mail at the following address:

4445 Corporation Lane, Suite 264
Virginia Beach, VA 23462

Dated: March 5, 2026.

/s/ A. Lee Hogewood, III
A.    Lee    Hogewood,    III

1607746228.2