**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| URBAN RED LLC,[1] | Case No. 26-10283 (KBO) |
| Debtor. | |

**DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 7**

Urban Red LLC (the "*Debtor*") hereby desires to exercise its right to convert this bankruptcy case to Chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*"), and respectfully states as follows:

**Jurisdiction and Venue**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]    The last four digits of the Debtor's federal tax identification number is 1278, and the location of the Debtor's principal place of business and business address is 8 The Green, Suite R, Dover, DE, 19901.

## Relief Requested

The Debtor moves to convert this bankruptcy case to Chapter 7 pursuant to Section 1112(a) of the Bankruptcy Code, Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 2002-1(f) of the Local Rules.

## Background

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Delaware Court*").

Shortly prior to the Debtor's filing of its voluntary petition in the Delaware Court, an involuntary petition (the "*Involuntary Petition*") under Chapter 7 of the Bankruptcy Code was commenced against NecoSage, LLC (the "*Affiliate Entity*"), one of the Debtor's affiliates, in the United States Bankruptcy Court for the Eastern District of North Carolina (the "*North Carolina Court*"). By consent of the Affiliate Entity, the North Carolina Court entered an order of relief on the Involuntary Petition of the Affiliate Entity, and on the Affiliate Entity's motion, the Court converted the Affiliate Entity's bankruptcy case to Chapter 11 of the Bankruptcy Code.

In light of the circumstances described herein, the Affiliate Entity is concurrently filing a motion before the North Carolina Court to exercise its absolute right to convert the Affiliate's Entity bankruptcy case back to Chapter 7.

## Reason for Conversion

Prior to the filing of the Involuntary Petition filed against the Affiliate Entity, Urban Red and the Affiliate Entity (collectively, the "*Debtors*") reached an agreement in principal with a proposed debtor-in-possession lender (the "*DIP Lender*") to fund (the "*DIP Loan*") the Debtors' Chapter 11 cases, which agreement in principal was subject to various conditions, including, among other things documentation and a DIP Loan budget acceptable to the DIP Lender, as well

as various defaults.  The DIP Lender is an arm's length third-party, unrelated to the Debtors or any insider of the Debtors.

However, as a result of the events which have transpired subsequent to the filing of the Involuntary Petition, the DIP Lender has informed the Debtor that it is declining to proceed with the envisioned DIP Loan.

Although the Debtors were close to finalizing documentation reflecting the terms of such DIP Loan, the filing of the Involuntary Petition filed against the Affiliate Entity has resulted in the Debtors' inability to meet certain conditions of, and defaults under, the Debtors' agreement in principal with the DIP Lender.

Despite extensive negotiations, the Debtors have been unable to convince the DIP Lender to reconsider its decision not to proceed with the DIP Loan.  Attached hereto and incorporated herein as **Exhibit A** is e-mail correspondence from the Debtors' Chief Restructuring Officer reflecting his discussions with the DIP Lender.

### The Debtors' Resulting Administrative Insolvency

Given the lack capital to operate (much less to sustain the administrative costs of Chapter 11) absent immediate and adequate debtor-in-possession financing, the Debtors are rendered administratively insolvent.

It is hornbook bankruptcy law that a Chapter 11 debtor cannot accrue post-petition expenses it cannot pay.  As opined by Judge Sontchi, "it has been a long-time practice of this judge and I think my colleagues on this bench that they will not allow a Chapter 11 case to proceed in an administratively insolvent manner."  *In re Constellation Enters, LLC*, Case No. 16-11213 (CSS), Sept. 27, 2017 Hr'g Tr. at 36:22-25-37:1;[2] *see also In re BH S&B Holdings, LLC*, 439 B.R.

---

[2]     The *In re Constellation* hearing transcript is attached as **Exhibit B** hereto.

342, 349 (Bankr. S.D.N.Y. 2010) ("[t]he Court further concludes that the Debtors' administrative insolvency constitutes cause to convert these cases").

## **The Debtor's Absolute Right to Convert**

Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to Chapter 7 as a matter of right.  *See* H.R. REP. NO. 95-595, 1st Sess. 405 (1977); S. REP. NO. 95-989, 95th Cong., 2d Sess. 117 (1978); *see also In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) ("[Section 1112(a), by its terms, gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions.  The legislative history confirms Congress' intent to give debtors an absolute right to convert from chapter 11 to chapter 7."); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) (recognizing same).

Indeed, in a case from this District involving a disputed conversion motion, Judge Sontchi found that debtors have an *absolute* right to convert their chapter 11 cases.  *See In re Constellation Enters, LLC*, Case No. 16-11213 (CSS), Sept. 27, 2017 Hr'g Tr. at 35:12-15 (Bankr. D. Del. Sept. 27, 2017), *appeal dismissed*, *Official Comm. of Unsecured Creditors v. Constellation Enterprises LLC (In re Constellation Enterprises LLC)*, 587 B.R. 275 (D. Del. 2018).

There are only three circumstances where a debtor is precluded from exercising that right, *i.e.,* where: (a) the debtor is not a debtor-in-possession; (b) the case was originally commenced as an involuntary case under Chapter 11; or (c) the case was converted to a case under Chapter 11 other than at the debtor's request.  *See* 11 U.S.C. § 1112(a).  None of those exceptions are applicable here.[3]  Therefore, the Debtor is entitled, as an absolute right, to convert this Chapter 11

---

[3]     While irrelevant to the bankruptcy case of the Debtor pending in the Delaware Court (given the different procedural history in the case before this Court), those three exceptions are also wholly inapplicable to the Affiliate Entity's bankruptcy case pending in the North Carolina Court. There, the first prong of Section 1112(a) is met, as the Affiliate Entity is a debtor-in-possession.

case to a case under Chapter 7 of the Bankruptcy Code.

Nor is a motion by the Debtor even required to convert this case, as this Court also has the ability to convert this case to Chapter 7 *sua sponte*, even absent a motion of the Debtor or prior notice to any party.  *See In re 266 Washington Assocs.*, 141 B.R. 275, 288-89 (Bankr. E.D.N.Y., *aff'd sub nom. In re Washington Assocs.*, 147 B.R. 827 (E.D.N.Y. 1992), *see also In re Rosson*, 545 F.3d 767, 771 n.8 (9th Cir. 2008) ("Although the statute provides for conversion 'on request of a party. . . or the . . . trustee,' . . . , there is no doubt that the bankruptcy court may also convert on its own motion. See id §105(a) . . . ."); *Finney v. Smith (In re Finney)*, 992 F.2d 43, 45 (4th Cir. 1993) ("A bankruptcy court may act under § 1112(b) on the motion of a party in interest or *sua sponte* as 'necessary and appropriate' under § 105."); *In re Congoleum, Corp.*, 414 B.R. 44, 60 (D. N.J. 2009); *Argus Group 1700, L.P. v. Steinman (In re Argus Group 1700, L.P.)*, 206 B.R. 757 (E.D. Pa. 1997).

### Notice

The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; and (b) all parties that have timely filed appearances pursuant to Bankruptcy Rule 2002. Due to the increased costs involved, because of the Debtors' administrative insolvency, and because (as described above), this Court has the ability to convert this case to Chapter 7 *sua sponte* even absent prior notice to any party, the Debtors intend to separately request

---

The second prong is met as the Affiliate Entity's bankruptcy was originally commenced as an involuntary case under Chapter 7 of the Bankruptcy Code (not as an involuntary case under Chapter 7 of the Bankruptcy Code).  And the third prong is met as the Affiliate Entity's bankruptcy was converted to a case under Chapter 11 at the Affiliate Entity's request (not at the request of the party other than the Affiliate Entity).  As explained by the leading treatise on bankruptcy, the reasons underlying the latter exceptions are clear.  *See* 7 COLLIER ON BANKRUPTCY ¶ 1112.02 (16th ed. 2026) ("Where creditors have sought court intervention by the filing of an *involuntary petition under chapter 11 to force a reorganization upon a debtor,* Congress does not give the debtor the absolute right to thwart that effort of the creditors by conversion of the case to chapter 7." (emphasis added)).

that the Court waive the requirement under Bankruptcy Rule 2002(a)(4) to serve this Motion on all creditors.

## No Prior Motion

The Debtor has not made any prior motion for the relief sought in this motion regarding the Debtor in this bankruptcy to this Court or any other.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 8, 2026                   Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Aaron R. Harburg*
      Maria Aprile Sawczuk, Esq. (Bar ID 3320)
      Aaron R. Harburg (DE Bar ID 7207)
      501 Silverside Road, Suite 65
      Wilmington, DE 19809
      Telephone: (302) 444-6710
      marias@goldmclaw.com
      aaronh@goldmclaw.com

*Counsel for the Debtor and Debtor-in-Possession*