**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                           CHAPTER 7

URBAN RED LLC                                          26-01256-5-DMW

      Debtor.

**EX PARTE TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO OPERATE PURSUANT TO 11 U.S.C. § 721 AND FOR RELATED RELIEF**

NOW COMES Kevin L. Sink, Chapter 7 Trustee ("Trustee") for Urban Red LLC by and through undersigned counsel, and hereby file this motion ("Motion"), on an *ex parte* basis, seeking an order allowing the Trustee to operate the Debtor pursuant to 11 U.S.C. § 721 effective as of March 20, 2026, and for related relief. In support of this Motion, the Trustee shows the Court as follows:

**BACKGROUND**

1.      On March 1, 2026 ("Petition Date"), Urban Red LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the District of Delaware.

2.      On March 18, 2026, the United States Bankruptcy Court for the Eastern District of North Carolina ("Court") entered an Order Granting Motion to Transfer Venue of Affiliated Case to the United States Bankruptcy Court for the Eastern District of North Carolina [DE 27], which transferred this case from the District of Delaware to the Eastern District of North Carolina.

3.      On March 20, 2026, the Court entered an Order Granting Motion to Convert Case to Chapter 7, which converted this case from chapter 11 to chapter 7 ("Conversion Order").

4.   On March 20, 2026, the Court entered an Order Appointing Interim Trustee and Approving Standing Bond [DE 33] ("Trustee Appointment Order") which appointed the Trustee as the Chapter 7 Trustee in this case.

5.   Based upon information and belief, the Debtor operates an e-commerce business for the sale of curtain tracks that utilizes Amazon to manage and sell its inventory.

6.   Upon information and belief, the Debtor currently has approximately six or seven employees that run the daily operations of the business.

7.   Upon information and belief, the Debtor does not have any secured creditors.

8.   The Debtor has a bank account with Truist Bank ending in 3765 ("Bank Account"). Due to the nature of the Debtor's business and its intertwined operations with Amazon it is critical that the Bank Account remain open such that the receipt of online retail payments is not interrupted.

## JURISDICTION

9.   This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## REQUEST FOR AUTHORITY TO OPERATE

10.   Based on his investigation to date, including information provided by creditors of the Debtor and affiliated entities of the Debtor, the Trustee believes that operating the Debtor on a limited basis is prudent and warranted under the circumstances.

11.   The Trustee seeks authority to continue to operate the Debtor as a going concern on a limited basis, in order to preserve and protect certain assets of the Debtor's estate, to preserve and protect the Debtor's records, in order to preserve the value of the Debtor's assets and protect the interests of the Debtor's creditors.

12.     The Trustee requests authority to take any and all actions necessary or advisable to operate the Debtor as a going concern effective as of March 20, 2026, the date of the Trustee's appointment, including but not limited to, the following actions:

    a.  Negotiate and enter into any agreements necessary or advisable to operate the Debtor as a going concern.

    b.  Employ and compensate non-professional persons to assist in operations, including but not limited to current or former employees of the Debtor.

    c.  Preserve and protect the Debtor's records.

    d.  Preserve and protect the Debtor's cash assets in the Bank Account.

13.     The Trustee contends authority to operate the Debtor as a going concern under these limited conditions is necessary to preserve the value of the Debtor for the benefit of the creditors.

14.     Section 721 of the Bankruptcy Code authorizes the Trustee, with the Court's approval, to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate. The Trustee believes that limited operations as set forth herein are in the best interest of the estate because they preserve the value of the Debtor for the benefit of creditors.

15.     Consistent with the relief requested, the Trustee requests that any Order regarding this Motion direct that the Trustee shall be the sole party authorized to act on behalf of the Debtor or the bankruptcy estate with respect to the operation of the Debtor's business and affairs; provided, however, that the Trustee may delegate such authority to employees or agents as the Trustee deems appropriate. All counterparties to contracts, agreements, financial accounts, or other arrangements with the Debtor are authorized and directed to recognize and rely exclusively

on the Trustee (or his authorized designees) as having full authority to act on behalf of the Debtor.

## BANK ACCOUNT AND RELATED ACCOUNTS

16.     As noted above, the Bank Account is located at Truist Bank.  The Trustee believes that it is in the best interests of the bankruptcy estate if the Bank Account remains open and the Trustee is substituted as the sole signatory and authorized user of the Bank Account. Substituting the Trustee as the sole signatory and authorized user will allow the Debtor's business operations to remain uninterrupted while eliminating the possibility that any former signatory or authorized user will have access to the Bank Account or its funds.

17.     The Trustee requests that any Order granting this Motion expressly direct any financial or banking institution, including, without limitation, Truist Bank, to immediately substitute the Trustee as the sole signatory and authorized user on the Bank Account, or any other bank account owned by the Debtor.

18.     The Debtor also utilizes (i) QuickBooks accounts ("QuickBooks") for accounting and payroll functions; and (ii) Wise US Inc. ("Wise") as a licensed money transmitter for facilitating transfers in non-United States transactions.

19.     The  Trustee requests that any Order granting this Motion expressly (i) authorize the Trustee to substitute himself, at his election, as the sole authorized user for the Debtor for QuickBooks or Wise; (ii) direct any party with any passwords, login information, or similar information relating to QuickBooks or Wise to immediately provide such information to the Trustee; and (iii) direct QuickBooks and Wise to immediately substitute the Trustee as the sole authorized user for the Debtor for QuickBooks or Wise.

20.     Because of the urgent nature of the relief sought herein, the Trustee files this Motion on an *ex parte* basis.  The Trustee submits that the specific facts and circumstances warrant such relief on such basis.

21.     The Trustee asserts that, based on the specific facts and circumstances set forth herein, the provisions of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, to the extent applicable, should be waived and any Order regarding this Motion should be effective and enforceable immediately upon entry.

WHEREFORE, the Trustee request that the Court enter an Order (i) granting this Motion, and all relief sought above; (ii) authorizing the Trustee, pursuant to 11 U.S.C. §721, to take any and all actions necessary to operate the Debtor as a going concern; (iii) directing any financial or banking institution, including, without limitation, Truist Bank, to immediately substitute the Trustee as the sole signatory and authorized user on the Bank Account, or any other bank account owned by the Debtor; (iv) authorizing the Trustee to substitute himself, at his election, as the sole authorized user for the Debtor for QuickBooks or Wise; (v) directing any party with any passwords, login information, or similar information relating to QuickBooks or Wise to immediately provide such information to the Trustee; (vi) directing QuickBooks and Wise to immediately substitute the Trustee as the sole authorized user for the Debtor for QuickBooks or Wise; and (vii) granting the Trustee such additional relief as he may be entitled.

This the 27th day of March, 2026.

> s/Kevin L. Sink
> Kevin L. Sink
> N.C. State Bar No. 21041
> Waldrep Wall Babcock & Bailey, PLLC
> 3600 Glenwood Avenue, Suite 210
> Raleigh, NC  27612
> Telephone:  919-589-7985
> Email:  ksink@waldrepwall.com
> *Attorneys for Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing **EX PARTE TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO OPERATE PURSUANT TO 11 U.S.C. § 721 AND FOR RELATED RELIEF** was served this day by CM/ECF electronic e-mail service as follows:

*VIA CM/ECF EMAIL*
Brian Behr
*Bankruptcy Administrator*

Aaron Harburg
Maria Aprile Sawczuk
*Attorneys for Debtor*

*Via U.S. Mail*
Urban Red LLC
502 Creek Ct.
Vienna, VA 22180

This 27th day of March 2026.

<u>s/Kevin Sink</u>
Kevin L. Sink
Waldrep Wall Babcock & Bailey, PLLC
3600 Glenwood Avenue, Suite 210
Raleigh, NC  27612