

**SO ORDERED.**

**SIGNED this 27 day of March, 2026.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                              CHAPTER 7

URBAN RED LLC                                          26-01256-5-DMW

      **Debtor.**

### ORDER ALLOWING EX PARTE TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO OPERATE PURSUANT TO 11 U.S.C. § 721 AND FOR RELATED RELIEF

THIS MATTER coming before the United States Bankruptcy Court on the motion filed by Kevin L. Sink ("Trustee"), Chapter 7 Trustee for Urban Red LLC ("Debtor"), on March 27, 2026, seeking an order allowing the Trustee to operate the Debtor pursuant to 11 U.S.C. § 721 effective as of March 20, 2026, and for related relief ('Motion").  Based on the record in this case, and good cause having been shown in the Motion[1]

IT IS THEREFORE ORDERED that the Motion should be and hereby is, GRANTED;

IT IS FURTHER ORDERED that the Trustee is authorized, pursuant to 11 U.S.C. §721, to take any and all actions necessary to operate the Debtor, effective as of March 20, 2026, as a going concern;

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

IT IS FURTHER ORDERED that the Trustee is authorized to take any and all actions necessary or advisable to operate the Debtor as a going concern effective as of March 20, 2026, the date of the Trustee's appointment, including but not limited to, the following actions:

a.  Negotiate and enter into any agreements necessary or advisable to operate the Debtor as a going concern.

b.  Employ and compensate non-professional persons to assist in operations, including but not limited to current or former employees of the Debtor.

c.  Preserve and protect the Debtor's records.

d.  Preserve and protect the Debtor's cash assets in the Bank Account.

IT IS FURTHER ORDERED that the Trustee shall be the sole party authorized to act on behalf of the Debtor or the bankruptcy estate with respect to the operation of the Debtor's business and affairs; provided, however, that the Trustee may delegate such authority to employees or agents as the Trustee deems appropriate. All counterparties to contracts, agreements, financial accounts, or other arrangements with the Debtor are authorized and directed to recognize and rely exclusively on the Trustee (or his authorized designees) as having full authority to act on behalf of the Debtor;

IT IS FURTHER ORDERED that any financial or banking institution, including, without limitation, Truist Bank, to immediately substitute the Trustee as the sole signatory and authorized user on the Bank Account (as defined in the Motion), or any other bank account owned by the Debtor;

IT IS FUTHER ORDERED that the Trustee is authorized to substitute himself, at his election, as the sole authorized user for the Debtor for QuickBooks or Wise and that any party

with any passwords, login information, or similar information relating to QuickBooks or Wise is immediately directed to provide such information to the Trustee;

IT IS FURTHER ORDERED that QuickBooks and Wise are directed to immediately substitute the Trustee as the sole authorized user for the Debtor for any QuickBooks or Wise accounts; and

IT IS FURTHER ORDERED that, based on the specific facts and circumstances set forth in the Motion, the provisions of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, to the extent applicable, shall be waived and this Order shall be effective and enforceable immediately upon entry;

IT IS FURTHER ORDERED that this Court shall retain exclusive jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF DOCUMENT**